# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

GEORGIA FARM BUREAU   :
MUTUAL INSURANCE   :
COMPANY, et al.,   :
  :
   Plaintiffs,   :
  :   CIVIL ACTION NO.
   v.   :   1:06-CV-0696-JOF
  :
GREAT AMERICAN EXCESS AND   :
SURPLUS INSURANCE CO.,   :
  :
   Defendant.   :

## OPINION AND ORDER

This matter is before the court on Defendant's motion to dismiss complaint [3] and Plaintiffs' motion to amend [12].

## I. Background

On February 24, 2006, Plaintiffs, Georgia Farm Bureau Mutual Insurance Co. and Georgia Farm Bureau Casualty Insurance Co., filed suit against Defendant, Great American Excess and Surplus Insurance Co., in the Superior Court of Fulton County, Georgia. On March 24, Defendant removed the action to the United States District Court for the Northern District of Georgia. On April 4, this court granted a motion allowing Defendant an extension of time

to file its answer to the complaint.   On April 21, Defendant filed a motion to dismiss the complaint.  On August 14, Plaintiffs filed a motion to amend the notice of removal.

## II.    Discussion

### A.     Motion to Amend

In its motion to dismiss Defendant has informed Plaintiffs and the court that its proper corporate name is Great American E & S Insurance Co.   Plaintiffs move the court to allow them to amend their complaint to strike each instance where "Great American Excess & Surplus Insurance Co." is referenced and insert in its stead "Great American E & S Insurance Co." so that the correct corporate name is reflected throughout the complaint and style.   For good cause shown, the court GRANTS Plaintiffs' motion to amend..

### B     Motion to Dismiss

#### 1.     Res Judicata and Collateral Estoppel

Defendant has moved to dismiss Plaintiffs' complaint under the doctrines of res judicata and collateral estoppel.   In support of its motion to dismiss Defendant has filed with the court copies of a prior action between the parties.   In response, Plaintiffs contend that the issue of whether the claims raised in the complaint are barred by res judicata and collateral estoppel should not be determined pursuant to a motion to dismiss, but rather are properly adjudicated by motion for summary judgment.

In *Concordio v. Bendekovic,* 693 F.2d 1073, 1075-76 (11th Cir. 1982), the Eleventh Circuit explained the difference between a Rule 12(b) dismissal motion and a Rule 56 motion

2

for summary judgment based on res judicata.  In that case, the plaintiff filed an action in a federal court alleging that one of the defendants, a police officer, had beaten the plaintiff, unnecessarily causing injury.  *Id.* at 1074.  The defendants filed a Rule 12(b)(6) motion to dismiss, claiming that the doctrine of collateral estoppel barred the plaintiff's suit.  *Id.*   In support of their motion, the defendants averred that in a prior action the plaintiff had initiated a counterclaim against the defendant police officer and the city alleging that the officer was liable for assault and battery.  *Id*.   The defendants attached to their motion to dismiss an exhibit consisting of an answer and counterclaim by the plaintiff in the prior state court action which alleged that the defendant officer assaulted the plaintiff.  *Id.*   The defendants also included a true copy of the final judgment granting the police officer $96.50 in compensatory damages and $1.00 in punitive damages against the plaintiff and denying the plaintiff relief on his counterclaim.  *Id.*   The federal trial court judge dismissed the action on the basis of collateral estoppel.   The Eleventh Circuit reversed; the Court of Appeals stated that the evidence submitted by the defendants, with their motion, to dismiss did not establish that the issue actually had been litigated or that there had been a final judgment on the merits in the state proceeding.   The court explained that additional evidence, such as a copy of the state trial court's records, was necessary in order to apply the doctrine of res judicata in the context of either a motion to dismiss under Rule 12(b)(6) or a motion for summary judgment pursuant to Rule 56.  *Id.* at 1076.

The court specifically said:

3

> Additional evidence, preferably a copy of the state trial court's records, is required in order to apply the doctrine of res judicata in the context of either a Rule 12(b)(6) motion to dismiss or a Rule 56 motion for summary judgment. As a general rule, a court in one case will not take judicial notice of its own records in another and distinct case even between the same parties, unless the prior proceedings are introduced into evidence.

*Id.* (internal citations and quotations omitted).

The appellate court found that a defendant may raise a res judicata defense by a Rule 12(b) motion "where the defense's existence can be judged on the face of the complaint." *Id.* at 1075 (internal citations omitted).  At the summary judgment stage, a party may raise the res judicata defense by introducing sufficient information into the record to allow the judge to determine the validity of the defense.  *Jones v. Gann,* 703 F.2d 513, 515 (11th Cir. 1983) (citing *Concordio,* 693 F.2d at 1075).

While Defendant has submitted orders from the case before the Middle District of Georgia and from the Eleventh Circuit in support of their res judicata argument, it cannot be said from the face of the complaint that the defense of res judicata can be applied to Plaintiffs' claims.  Thus, the court DENIES Defendant's motion to dismiss based upon res judicata and collateral estoppel.

### 2.    RICO claims

Defendant asks this court to dismiss Count One of Plaintiffs' complaint alleging RICO violations because such violations must be made by a "person," and for the purposes of Georgia  RICO, a corporation is not a "person."  Defendant relies on *Stone v. Williams Gen. Corp*, 275 Ga. App. 33 (2005), for the principle that for the purposes of Georgia RICO, a corporation is not a "person."  However, after Defendant filed its motion to dismiss, the Georgia Supreme Court reversed the decision of the Georgia Court of Appeals and expressly found that for the purposes of Georgia RICO, a corporation is a "person."  *Williams General Corp. v. Stone*, 280 Ga. 631 (2006).

For this reason, the court DENIES Defendant's motion to dismiss Count One of Plaintiffs' complaint.

### 3.    Fraud claim

Defendant asks this court to dismiss Count Two of Plaintiffs' complaint alleging fraud. Defendant contends that Plaintiffs have failed to plead fraud with the requisite specificity.

Rule 9(b) provides that, in all averments of fraud, "the circumstances constituting fraud or mistake shall be stated with particularity."  Rule 9(b) "serves an important purpose in fraud actions by alerting defendants to the 'precise misconduct with which they are charged' and protecting defendants 'against spurious charges of immoral and fraudulent behavior.'"  *Brooks v. Blue Cross & Blue Shield of Fla., Inc.,* 116 F.3d 1364, 1371 (11th Cir. 1997), quoting *Durham v. Business Management Associates,* 847 F.2d 1505, 1511 (11th Cir. 1988).

5

The Eleventh Circuit has held that Rule 9(b) may be satisfied in one of two ways. First, the rule is satisfied,

> if the complaint sets forth (1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each statement and the person responsible for making (or, in the case of omissions, not making it) same, and (3) the content of such statements and the manner in which they misled plaintiff, and (4) what defendants obtained as a consequence of the fraud.

*Ziemba v. Cascade Intern., Inc.,* 256 F.3d 1194, 1202 (11th Cir.2001) (internal quotations omitted).

Rule 9(b) may also be satisfied through "alternative means." *United States ex rel. Clausen v. Laboratory Corp.,* 290 F.3d 1301, 1310 n. 18 (11th Cir. 2002). A complaint that fails to describe particularized fraudulent acts can still comply with Rule 9(b) if it can be read together with other documents in the record to establish specific allegations of fraud. *See Durham v. Business Mgmt. Assocs.,* 847 F.2d 1505, 1512 (11th Cir. 1988) (finding Rule 9(b) satisfied where the complaint, combined with an affidavit, detailed specific instances of letters containing the alleged fraud); *see also Clausen,* 290 F.3d at 1310 n. 18 (noting that in "alternative means" cases such as *Durham,* "this Court has found challenged complaints -- read together with other documents in the record -- to be sufficient"). Failure to comply with the requirements of Rule 9(b) is grounds for dismissal. *Clausen,* 290 F.3d at 1310.

In response to Defendant's motion to dismiss Plaintiffs appear to be attempting to satisfy the Rule 9(b) requirements through "alternative means" by attaching the affidavit of Al

6

Barnett.   The court finds this approach insufficient to satisfy the requirements of 9(b).
Neither the complaint by itself nor read with the affidavit of Al Barnett satisfies Rule 9(b).
Neither the complaint nor the affidavit states (1) precisely what statements were made in what
documents or oral representations or what omissions were made or (2) the time and place of
each statement and the person responsible for making (or, in the case of omissions, not
making it) same.

The complaint sets forth many things that Defendant repeatedly represented to
Plaintiffs and other insurance companies through interstate mail, intestate telephone, and
interstate wire communications which Plaintiffs contend are fraudulent statements.   In his
affidavit Al Barnett simply adds that when he received communications from Defendant "via
the telephone, via the Internet, and via the mail, [Defendant's] agents and representatives,
including Kathleen Van Deven, referred to their documents as an insurance policy."   Affidavit
of Al Barnett, ¶ 7.

The court finds such general statements to be insufficient to satisfy the strict
requirements of Rule 9(b).   However, rather than dismiss Plaintiffs' complaint, the court will
require Plaintiffs   to file a more definite statement complying with Rule 9(b) under Federal
Rule 12(e).   The complaint as supplemented by the more definite statement should put
Defendant on notice of exactly what statements Plaintiffs contend were fraudulent, whether
through oral representations or documents, when such statements allegedly were made, and
who allegedly made them.

For the reasons described above, the court DENIES Defendant's motion to dismiss Count Two of the Complaint pursuant to Rule 9(e). The court DIRECTS Plaintiffs to file an amended complaint with a more definite statement as to its fraud claim within twenty (20) days of this order.

### 4.     Breach of Contract Claim

Finally, with respect to Plaintiffs' breach of contract claim, Defendant contends that Plaintiffs have "failed to plead a necessary condition precedent to any suit based on the Parties' Contract of insurance." In its motion Defendant is unsure as to whether Plaintiffs' breach of contract claim contends that Defendant breached its contract specifically with regard to claims relating to Clara and Tommy Marsh or whether the breach of contract claim contends that Defendant breached its insurance contract with Plaintiffs by failing to provide "meaningful coverage"in light of Defendant's interpretation and application of the parties' insurance contract.

The Federal Rules of Civil Procedure generally allow for liberal pleadings: "A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." Fed. R. Civ. P. 8(a). Under the rule, "[n]o technical forms of pleading are required." *Crowe v. Coleman*, 113 F.3d 1536, 1539 (11th Cir. 1997), quoting Fed. R. Civ. P. 8(a). Rather, "to satisfy the pleading requirements of Fed. R. Civ. P. 8, a

complaint must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 512 (2002).

In looking at Defendant's inability to discern the nature of Plaintiff's breach of contract claim, the court concludes that such uncertainty is caused by the fact that Plaintiff's breach of contract claim is a proverbial shotgun pleading. The Eleventh Circuit in *Wagner v. First Horizon Pharmaceutical Corp.*, 464 F.3d 1273, 1279 (11th Cir. 2006), addressed the concept of shotgun pleadings stating:

> Shotgun pleadings are those that incorporate every antecedent allegation by reference into each subsequent claim for relief or affirmative defense. *Magluta v. Samples,* 256 F.3d 1282, 1284 (11th Cir. 2001) (per curiam). "[S]hotgun pleadings wreak havoc on the judicial system." *Byrne v. Nezhat,* 261 F.3d 1075, 1130 (11th Cir. 2001). Such pleadings divert already stretched judicial resources into disputes that are not structurally prepared to use those resources efficiently.

The court in *Wagner*, recommends that rather than dismissing the action, a district court faced with shotgun pleadings should order a repleading for a more definite statement under Federal Rule 12(e).

For the reasons described above, the court DENIES Defendant's motion to dismiss the breach of contract claim. The court DIRECTS Plaintiffs to file an amended complaint with a more definite statement as to its breach of contract claim within twenty (20) days of this order.

## III.    Conclusion

9

The court DENIES Defendant's motion to dismiss complaint [3] and GRANTS Plaintiffs' motion to amend [12].   The court DIRECTS Plaintiffs to file an amended complaint as specified above within twenty (20) days of this order.

**IT IS SO ORDERED** this 8th day of March 2007.

s/ J. Owen Forrester

J. OWEN FORRESTER

SENIOR UNITED STATES DISTRICT JUDGE

10